Freeman, J.,
delivered the opinion of the Court.
This is a petition for certiorari and supersedeas, to quash two executions, issued in favor of Noel & Co., against complainant, Scoby, as stay or, under the Act of the Legislature, passed January 26, 1861.
The case was tried by his Honor, Judge Henry Cooper, on motion to quash the execution, who sustained the motion, holding that Scoby was not liable as stayor, from which judgment Noel & Co. appealed to this Court.
The facts material to be stated, are: That Noel & Co. had obtained two judgments, before a Justice of the Peace for Wilson county, against J. A. Anthony, dated 21st of April, 1860, which were stayed by one S. M. N. Cook, by orders given to the Justice in writing, for eight months. This stay expired on the 21st of December, 1861, more than a month before the passage of the Act of 1861, entitled “An Act prescribing the remedy for collection of debts, and for the relief of the people.”
On the 29th of January, 1861, three days after the passage of this Act, Scoby sent to the Justice the following order:

“J. P. Cawthon, Esq.:

“Sir: I will become additional stay security to two judgments or executions, in favor of S. A. G. Noel vs. J. A. Anthony, one for one hundred and twenty-four dollars and forty-one cents, and the other for three him- *24 dred and fifty dollars and eight cents. This stay to be done in conformity with the late Act of the present Legislature. J. B. Scoby.”
On the 10th of January, 1866, executions were issued on these judgments against Anthony, the principal debt- or, Cook, the original stayor, and Scoby, which were levied on property of Scoby; and these executions were quashed by his Honor, the Circuit Judge. The question is, whether this judgment, quashing these executions, is correct or not.
In cases where the certiorari and supersedeas are resorted to, to supersede and quash the execution, and not for a new trial on the merits, this Court can only look to the grounds stated in the petition, and no others are open for investigation. Hollins & Co. v. Johnson, 3 Head, 347.
The grounds stated in the petition are as follows: “The said judgments against petitioner as additional stay- or are illegal and void, for the reason that the stay of eight months allowed by law had expired long before the Act of 1861, providing for additional stays of execution, under the provisions of which he was entered as stayor; and in regard to contracts entered into and judgments rendered before the passage of said act, it could have no effect to delay the collection of the same.”
The first ground stated raises the question fairly; taken in connection with the facts of the case; as to whether the case was one where, by the provision of said act, the additional security for stay of execution, could be taken by a Justice of the Peace. This question is not free from difficulty; but upon careful examination of the *25 act, we are of opinion tbafc a case like the present was not embraced by tlie terms of said act.
Section 1 of said act is prospective, provides for stay of judgments that may be rendered “from and after the passage” of the act, either in courts of record, or before Justices of the Peace, for the term of twelve months,, provided “that the defendant or defendants in said judgment or decree appear before the courts, or in two days after judgment before the Justice, and give good and ample security for the stay of execution, to be approved of by said courts or the Justice,” etc. Section 3 provides, “that in all cases where judgments or decrees have been rendered by any of the courts or Justices of the Peace of this State, upon which executions have not been issued, or upon which executions have been issued and not levied, the defendant or defendants in said judgment or execution, may appear before the Justice of the Peace, or Court, if in session, or before the Clerk of said Court, in vacation, and upon giving good and ampie security to said Justice, Court or Clerk, as the case may be, in the manner provided in the second section of this act for giving additional security, said execution shall be stayed for the period of six months from the time said security shall be given, when execution may issue against the parties ro the original judgment and the security for the stay of execution.”
It might fairly be held, from the terms of this last section, that the case of a judgment on which execution had already been stayed for eight months, was not intended to be included in this section, as it provides “that the defendant or defendants” in said judgment are to ap *26 pear before tbe Justice and give the security; and that at the end of the six months an execution may issue against the parties to the original judgment, and the security for stay of execution;” that is, the stayor under this statute. No reference is here made to any one but the parties to the original judgment, either in the part of the statute allowing the party to procure the security, or in that portion which provides for the issuance of the execution after expiration of the six months-
If the Legislature had contemplated a case of an execution stayed before the passage of the act, would they not have provided that the execution should issue against the parties to the original judgment, and the stayor to the same, if it had been stayed? It certainly could not be intended that, in the event the judgment had been previously stayed, that such stayor shall be released from his obligation; yet such would be the effect of the statute, if such case is included in its provisions, for it is clearly provided that execution shall issue against the parties to the original judgment and the stayor for six months, under this act.
This view of the statute is, in some degree, strengthened by the fact that the Legislature seems carefully to have made provision for the issuance of execution in case of two stayors, as provided for in section 2 of the act. In that section, it is provided, that if the stayor first given under the act, shall be shown to be not good and sufficient, the party defendant may be notified and required to give additional security; and then the fourth section provides, that the first security for stay “shall not be released from liability, but execution shall issue *27 against the original parties to the judgment, and against the first, as well as the additional, securities.”
It will be seen, further, that the Legislature, in the latter part of this fourth section, has used the term, “original parties to the judgment,” in such way as to exclude the idea that they could have meant by “parties to the original judgment,” in the third section, a stayor of judgment; for they provide that the “execution shall issue against the original parties to the judgment, and against the first as well as additional securities.”
It has been very earnestly pressed upon us, in the very able arguments presented by counsel, that the> plaintiff Scoby, was liable by virtue of his contract as stayor; and the principle of liability as guarantor has been invoked to fix his liability.
The question however, presented, is not a question of contract at all, but arises on a judgment rendered by a Justice of the Peace, on which an execution has been issued; and the validity of that execution is questioned on the ground that the Justice had no power to render the judgment, or rather to receive and enter the name of the party as stayor, which is, in legal effect, a confession of judgment, and has the force and effect of a confession of judgment. It is not a question of contract, but one of jurisdiction in the Justice, to do the act by which the judgment is confessed. If he had no such power, then the act is void, and the confession of judgment is a nullity, and the execution based thereon has nothing on which it can rest, and was properly quashed. Such is the uniform view taken of the question by this Court. "We need only refer to the cases of Patrick v. Driskell, 7 *28 Yer., 140; Howard & Co. v. Brownlow, 4 Sneed, 550, 551, and Apperson & Co. v. Smith, 5 Sneed, 374—5. In the last of which cases, the Court says: “Whatever effect may be given to the contract of parties variant from the stay law, this Court can only regard as a valid stay of execution such undertakings as are entered into in pursuance of those laws. Neither the magistrate or the parties can be allowed to change those laws by contract. Any such action of the Justice does not constitute an official or judicial act;” and in this .case, the_ execution was quashed on ajjplication of the stayor, although he had entered his name himself as stayor, with all the formalities necessary to have bound him in a case where the Justice had the authority to receive a stayor.
It may be added, that the order to the magistrate to enter the party as stayor, is not the basis of the liability here sought to be enforced; but is only in the nature of an authority or power of attorney to the Justice, by which he is authorized to make the entry on his docket. The liability grows out of this judicial act, and not by virtue of a contract; is one of jurisdiction in the Justice, and consent cannot confer jurisdiction over the subject matter, though it may over the persons. Agee v. Dement, 1 Hum., 332.
As to the question of the validity of the first stay of execution by Cook, we need but remark that if he acquiesced in it, and suffered the judgment to remain in force against him, no one else can, in a proceeding like this, make the objection to his liability. Holt v. Davis, 3 Head, 629.
This view of the case is decisive as to the liability of *29 Scoby, and relieves ns from discussing and deciding the question, upon which there is much conflict in the decided cases, as to whether this law impairs the obligation of the contract. We leave this question without deciding it, because this law has already expired by its own limitation, and probably no case will be likely to arise in which the decision of the question will become important.
The judgment of the Circuit Court will be affirmed.